SUMMERS, Justice
(dissenting).
There was no noticeable impediment to the use of the grassy area between the shell driveway and the motel building. Prospective customers like plaintiff, therefore, might properly assume that the grassy area was part of the Jim’s Place establishment and available for their use. And the proprietor of Jim’s Place could have and should have, by a reasonable inspection, ascertained the existence of the grass-covered hole which possessed every characteristic of a trap.
In my opinion, therefore, it was entirely reasonable for plaintiff to use the grassy area to alight from her automobile when the parking area was crowded and difficulty was experienced finding a place to park. Because of the limited visibility attending the night and the concealment of the hole by the grass, plaintiff was not *690 negligent in failing to see the hole into which she stepped and sustained injuries. She was not, therefore, contributorily negligent and should recover against the proprietor of Jim’s Place.
In like manner plaintiff should recover against the owners of the motel. It was negligence on the part of the motel operators to permit the hole concealed by grass to remain uncovered in such close proximity to the parking area used by the customers at Jim’s Place. It should have been apparent to the operators of the motel, just as it should have been apparent to the operators of Jim’s Place, that customers leaving or returning to their automobiles parked near the edge of the shell driveway would in all probability use the grassy area. Especially is this conduct to be expected when there was no warning or physical structure to prevent this usage. Failure to make these inspections or provide the necessary safeguards constituted a breach of the standards of care to be expected of defendants. Their omissions were, therefore, negligence in legal contemplation. This negligence concurred with the negligence of the operator of Jim’s Place to bring about plaintiff’s injuries. Thus, in my view, plaintiff should recover judgment in solido against the motel owner and the operator of Jim’s Place.
I respectfully dissent.